MCKECHNIE BROTHERS (N.Z.) LTD., PLAINTIFF *v.* U.S. DEPARTMENT OF COMMERCE, DEFENDANT, AND CERRO METAL PRODUCTS, INTERVENOR-DEFENDANT

Court No. 85–12–01859

MEMORANDUM AND ORDER

(Dated November 7, 1986)

*Bronz & Farrell (Edward J. Farrell)* for the plaintiff.
*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*J. Kevin Horgan*) for the defendant; *M. Linda Concannon,* Attorney-Advisor, Office of the Deputy Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel.
*Collier, Shannon, Rill & Scott (David A. Hartquist* and *Jeffrey S. Beckington)* for the intervenor-defendant.

AQUILINO, *Judge:* In this action seeking judicial review of a final affirmative determination by the International Trade Administration, U.S. Department of Commerce of sales of low-fuming brazing copper rod and wire from New Zealand at less than fair value, the plaintiff has served defendant's counsel with interrogatories and requests for production of documents and for admissions.

The defendant objected to the requests on the ground that review of this action is "confined to * * * the record made by the administering authority and filed with the Court", citing 19 U.S.C. § 1516a(b) and 28 U.S.C. § 2640(b) for support. The plaintiff has now moved for an order compelling the discovery pursuant to CIT Rule 37(a).

The referenced statutes do indeed indicate that review of an action such as this is based on the administrative record, which is defined generally as

> (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title; and
> (ii) a copy of the determination, all transcripts or records of conferences or hearings, and all notices published in the Federal Register. 19 U.S.C. § 1516a(b)(2)(A)

The defendant filed its record with the Clerk of the Court in March 1986. There is no indication that the plaintiff has sought to review the record since that time. In fact, the motion to compel makes no showing that that record is incomplete or inadequate in any way. Rather, plaintiff's position is stated as follows:

> * * * While we do not contest that the court's review here is limited to a review on the record it seems inconceivable that plaintiff [sic] would be denied the right to inquire into the compilation and use of that record in the decision making process. Indeed, how else is plaintiff able to generate admissable evidence for the court to weigh in it [sic] decision of whether the administrative findings are "unsupported by substantial evidence, or otherwise not in accordance with law".[1]

This rhetoric assumes that matter which generally is discoverable pursuant to the CIT Rules of procedure and admissable under the Federal Rules of Evidence has a place in an action such as this. However, only in "exceptional" or "rare" circumstances is such evidence permitted. *Cf. Beker Industries Corp. v. United States,* 7 CIT 361 (1984); *National Corn Growers Association v. Baker,* 10 CIT 345, 636 F.Supp. 921, 929–30 (1986). *See generally Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402 (1971).

No such circumstance is shown by the plaintiff here, and its motion to compel discovery must therefore be denied.

So ORDERED.

---

[1] Motion to Compel Defendant to Respond to Interrogations and Requests for Admissions and the Production of Documents, p. 2.